UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
**MAR 10 2006**
[signature] CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| O'DELL E. DAVIS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; TIM REISCH, Secretary of Corrections for South Dakota; DOUGLAS WEBER, Chief Warden for the Department of Corrections; ROBERT DOOLEY, Warden of the Mike Durfee State Prison; DALLAS SCHNEIDER, Deputy Warden of the Mike Durfee State Prison; JOHN KUCKELBURG, Associate Warden of the Mike Durfee State Prison; MARK REED, Cultural Affairs Coordinator of the Mike Durfee State Prison; LISA McFLETCHER, Unit Manager of the Yankton Trustee Unit of the Mike Durfee State Prison; REBECCA SCHIEFFER, Unit Counselor of the Yankton Trustee Unit of the Mike Durfee State Prison; ROBERT NOVOTNY, Unit Case Manager of the Yankton Trustee Unit of the Mike Durfee State Prison; BRUCE FISHER, Sergeant and Supervisor of Guards at the Yankton Trustee Unit of the Mike Durfee State Prison; JOSEPH WIESLER, Correctional Officer assigned to the Yankton Trustee Unit of the Mike Durfee State Prison; CBM FOOD SERVICE, its employees and agents assigned to Yankton Trustee Unit of Mike Durfee State Prison, as food service providers for Dept. of Corrections inmates assigned to Yankton Trustee Unit of Mike Durfee State Prison; GARY TAYLOR, Unit Manager of Unit C of the South Dakota State Penitentiary; STEVE NEWLAND, Unit Counselor of Unit C of the South Dakota State Penitentiary; all Defendants in their individual and official capacities,<br><br>Defendants. | CIV. 05-4016<br><br><br>SECOND<br>REPORT AND RECOMMENDATION |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Previously a Combined Report and Recommendation and Order to allow plaintiff to amend his complaint was entered (Doc. 13). The purpose for allowing time for plaintiff to amend his complaint was to provide him an opportunity to cure the defects in his pleading against defendants Reisch, Weber, Schneider, Kuckelburg, Schieffer, Fisher, Wiesler, CBM, and unnamed employees of CBM. Plaintiff was allowed 30 days from June 30, 2005 to file an amended complaint. On August 3, 2005, Mr. Davis was allowed an additional 30 days to file an amended complaint (until August 30) (Doc. 16). On August 29, plaintiff was allowed still another 30 days to amend (until September 30) (Doc. 19). Plaintiff asked for reconsideration of the Order denying his motion for appointment of counsel (Doc. 21 and Doc. 13). That motion was denied and he was allowed until October 31, 2005 to file an amended complaint (Doc. 22). On October 27, 2005 he filed a letter and an "... answer [to] the Order and Recommendation as such on page two of this letter" (Docs. 24 and 25).

In the letter Mr. Davis says "... I submit to your **combined report and recommendation and orders to amend and to adhere to the earlier order denying court appointed counsel after reconsideration and order extending time to amend the complaint** (bold in original) (Doc. 24). On page two of the letter plaintiff says, among other matters, "I release and amend the named defendants and entities and complaint as required under the Combined Report and Recommendation and Order to Amend within 30 Days" (Doc. 25). He also says on page two "I further amend under the relief requested that the court enter judgment against each defendant in favor of the plaintiff for nominal and compensatory damages as allowed by law individually, jointly and severally in the amount of $75,000 (seventy five thousand dollars) for each count" (Doc. 25).

Page two is construed to be his amended complaint. In the original Report and Recommendation it was said about the individual defendants against whom the complaint should be dismissed without prejudice (Reisch, Weber, Schneider, Kuckelburg, Schieffer, Fisher, and Wiesler): "[t]he complaint against these named defendants should be dismissed without prejudice

2

because there are no allegations to show what each allegedly did or did not do to deprive plaintiff of his constitutional rights" (Doc. 13, p. 5). Plaintiff still has not alleged who did what which violated his constitutional rights.

Regarding CBM, it was said in the original Report and Recommendation: "Because there are no allegations to show what CBM itself did which could make it liable to plaintiff under § 1983 and because the identity of the alleged CBM employees who allegedly violated plaintiff's constitutional rights is not alleged, the complaint against 'CBM FOOD SERVICE, its employees and agents assigned to Yankton Trustee Unit of Mike Durfee State Prison, as food service providers for Dept. of Corrections inmates assigned to Yankton Trustee Unit of Mike Durfee State Prison' should be dismissed without prejudice." (Doc. 13, p. 6). Plaintiff still has not alleged what CBM did which could make it liable to plaintiff under § 1983. Plaintiff still has not identified any CBM employee who violated his constitutional rights.

## CONCLUSION

Both plaintiffs' complaint (Doc. 1) and his amended complaint (Doc. 25) have been screened under 28 U.S.C. § 1915. Plaintiff has failed to cure the defects in his complaint by alleging in an amended complaint who did what which violated his constitutional rights. It is therefore **RECOMMENDED** that:

1. His complaint (Doc. 1) and his amended complaint (Doc. 25) be dismissed, with prejudice, as a matter of law for failing to state a claim upon which relief can be granted against Defendant South Dakota Department of Corrections.

2. The complaint and amended complaint (Docs. 1 and 25) be dismissed, without prejudice, for failure to state a claim upon which relief can be granted against Defendants CBM Food Service, Reisch, Weber, Schneider, Kuckelburg, Schieffer, Fisher and Wiesler.

3. The complaint and amended complaint (Docs. 1 and 25) be dismissed, with prejudice, for failure to state a claim upon which relief can be granted against Defendants Dooley, Reed, McFletcher, Novotny, Taylor and Newland *in their official capacities only.*

4. The case caption should be amended to delete the defendants dismissed from the lawsuit and reflect only those defendants who remain (Dooley, Reed, McFletcher, Novotny, Taylor and Newland, *in their individual capacities only*).

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 10th day of March, 2006.

BY THE COURT:

*John Simko*
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *Shelly Margulies*, Deputy
(SEAL)